*Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

| | | |
|---|---|---|
| 1. | Sender | David Eiseman<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>U.S.A.<br>(415) 875-6600 |
| 2. | Central Authority of the Requested State | Supreme Court of Singapore<br>1 Supreme Court Lane<br>Singapore 178879<br>+(65) 6336 0644 |
| 3. | Person to whom the executed request is to be returned | David Eiseman<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>U.S.A.<br>(415) 875-6600 |

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

| | |
|---|---|
| Date | June 30, 2020 |
| Reason for urgency* | All depositions and document productions in this litigation must be completed by the deadline for the close of fact discovery. Pursuant to the Case Management Order attached hereto as Attachment A, the deadline for the close of fact discovery is the later of June 30, 2020 or 90 days after the Claim Construction Order (CCO). See Attachment A at 3. |

_____

\* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED
APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

5. *a*  Requesting judicial
        authority (Article 3,*a*))

| The Honorable Donna M. Ryu |
| United States District Court |
| Northern District of California |
| Ronald V. Dellums Federal Building & United States Courthouse |
| 1301 Clay Street |
| Oakland, California 94612 |
| U.S.A. |

*b*  To the competent
     authority of (Article 3, *a*))

| The Republic of Singapore |
| Supreme Court of Singapore |
| 1 Supreme Court Lane |
| Singapore 178879 |
| +(65) 6336 0644 |

*c*  Names of the case
     and any identifying
     number

| Semicaps PTE, Ltd. v. Hamamatsu Corp., et al., Case No. 17-cv-03440-DMR |

6.  Names and addresses of the
    parties and their representa-
    tives (including representa-
    tives in the requested State*)
    (Article 3, *b*))

*a*  Plaintiff

| SEMICAPS Pte, Ltd. |
| 28 Ayer Rajah Crescent |
| #03-01 |
| Singapore 139959 |

Representatives

| Ryan Marton & Hector Ribera |
| Marton Ribera Schumann & Chang LLP |
| 548 Market Street, Suite 36117 |
| San Francisco, California 94104, U.S.A. |

*b*  Defendant

| The names and addresses of the Defendants are provided in Attachment B. |

Representatives

| The names and addresses of the Representatives for the Defendants are provided in Attachment B. |

*c*  Other parties

| N/A. |

Representatives

| N/A. |

_____

* Omit if not applicable.

| | | | |
|---|---|---|---|
| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c*)) | Alleged patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271(a), (b), and (c). |
| | b | Summary of complaint | Plaintiff alleges that Defendants infringe U.S. Patent No. 7,623,982 (the "'982 patent"), entitled "Method of Testing an Electronic Circuit and Apparatus Thereof." |
| | c | Summary of defence and counterclaim* | Defendants assert, inter alia, that they do not infringe any of the claims of the '982; that the claims of the '982 patent are invalid and unenforceable under at least 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256 and due to inequitable conduct; and that Plaintiff's claims are barred due to equitable estoppel and/or because Defendants are licensed under the '982 patent. |
| | d | Other necessary information or documents* | This litigation is governed by the Protective Order entered by Judge Ryu on March 26, 2020 (Dkt. No. 91).  This Protective Order governs the disclosure of confidential documents, testimony, and any other evidence in connection with this action. A copy of the Protective Order is attached hereto as Attachment C. |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, *d*)) | Defendants request the deposition of Dr. Alfred Cheng Teck Quah and documents from Dr. Quah that are relevant to Defendants' claims and defences. |
| | b | Purpose of the evidence or judicial act sought | The requested evidence will be used to support Defendants' claims and defences. |
| 9. | | Identity and address of any person to be examined (Article 3, *e*))* | Dr. Alfred Cheng Teck Quah ("Dr. Quah") 60 Woodlands Industrial Park D Street 2 Singapore 738406 |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, *f*))* | A list of deposition topics pertaining to the subject matter of Dr. Quah's deposition are provided in Attachment D. |

---

* Omit if not applicable.

11. Documents or other property
    to be inspected
    (Article 3, *g)*)*

A list of documents that Defendants request from Dr. Quah are provided in Attachment E. Defendants have been unable to procure these documents from Plaintiff SEMICAPS Pte Ltd., which has taken the position that it has no control over Dr. Quah and the documents in Dr. Quah's possession.

12. Any requirement that the
    evidence be given on oath
    or affirmation and any
    special form to be used
    (Article 3, *h)*)*

Any evidence and deposition testimony shall be given under oath in the presence of an officer duly authorized to administer oaths in Singapore.

In the event that evidence and deposition testimony is not provided in the manner requested, such evidence and deposition testimony shall be taken in such manner as provided by the laws of Singapore.

13. Special methods or procedure
    to be followed (e.g. oral or
    in writing, verbatim,
    transcript or summary,
    cross-examination, etc.)
    (Articles 3, *i)* and 9)*

Defendants, by and through their attorneys, will take the deposition upon oral examination of Dr. Quah. Plaintiff, by and through its attorneys, may conduct an oral cross-examination of Dr. Quah. The deposition shall be recorded using audio visual equipment, including interactive, real time transcription. The deposition shall be recorded and transcribed verbatim. A verbatim transcript of the deposition shall be created and provided to Dr. Quah to review and certify the truth and accuracy of the transcription. The deposition shall take place from day-to-day until completed.

14. Request for notification of
    the time and place for the
    execution of the Request
    and identity and address of
    any person to be notified
    (Article 7)*

Defendants respectfully request that Dr. Quah be notified of the time and place for this Request to be executed. Dr. Quah's address is as follows:

Dr. Alfred Cheng Teck Quah
60 Woodlands Industrial
Park D Street 2
Singapore 738406

15. Request for attendance or
    participation of judicial
    personnel of the requesting
    authority at the execution
    of the Letter of Request
    (Article 8)*

N/A.

---

* Omit if not applicable.

16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b*))*

The following privileges shall apply to the evidence and testimony provided: attorney-client privilege; attorney work product immunity; common interest privilege; and/or other privilege or immunity applicable to the evidence and testimony provided.

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by*

David Eiseman
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
U.S.A.

DATE OF REQUEST

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

-----------------------------------------------------------

| Erase all entries | | Print |

---

* Omit if not applicable.

# ATTACHMENT A

1
2
3
4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   SEMICAPS PTE LTD,                           Case No.  17-cv-03440-DMR

8                    Plaintiff,

9           v.                                  **CASE MANAGEMENT ORDER**

10  HAMAMATSU CORPORATION, et al.,

11                   Defendants.

12          The court held an initial case management conference on May 1, 2019.  A further case

13  management conference is set for September 4, 2019 at 1:30 p.m.  The parties shall file their joint

14  case management statement by August 28, 2019.

15          The court adopted the parties' proposal regarding discovery, as set forth below:

16          The parties agree that attorney-client privileged communications and work product created

17  after June 14, 2017 do not need to be included on a privilege log.

18          In addition, the parties agree that communications and drafts exchanged between counsel

19  and the experts in this case are not discoverable.  Communications between the parties or

20  representatives of the parties (other than counsel) with the expert will be discoverable only to the

21  extent relied upon by the expert.

22          The normal rules regarding inadvertent disclosure of privileged materials found in the

23  Federal Rules of Civil Procedure, e.g. FRCP 26, and the Federal Rules of Evidence, e.g. FRE 502,

24  shall apply to this action.

25          **Depositions**

26          Fact Discovery:  70 hours of deposition, inclusive of 30(b)(6) depositions and third-party

27  depositions, in accordance with the Federal Rules of Civil Procedure.  The parties agree that

28  reasonable accommodations will be made for depositions that require translations, but absent

United States District Court
Northern District of California

agreement between the parties or a compelling reason, such translated depositions will not exceed 10.5 hours for any witness, and such accommodations will not count against the hour limit. The parties may meet and confer regarding further additional depositions or additional time for a particular witness, if necessary.

Expert Discovery:  Each side is entitled to one seven-hour deposition of each expert disclosed by the other side per each report such expert submits.  The parties may meet and confer further regarding additional limits on expert discovery.  Should either side submit a declaration or report from an expert regarding claim construction, the expert shall also be made available for deposition limited to issues in the declaration after the submission of such declaration or report and before the other side's responsive claim construction brief.

**Interrogatories**

25 interrogatories for each side.

**Requests for Production**

No limit.

**Requests for Admission**

50 requests for admission for each side; requests for admission of the authenticity of a document or thing do not count against the limit.

The court set the following case schedule:

| Event | Date |
|---|---|
| Complaint Filed | 6/14/17 |
| Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production | 5/15/2019 |
| Hamamatsu's Response to Complaint | 5/24/2019 |
| Disclosure of Invalidity Contentions and Accompanying Document Production (if any) | 7/1/2019 |
| Exchange of Proposed Terms for Construction | 7/15/2019 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 8/5/2019 |

2

| | |
|---|---|
| Disclosure of Damages Contentions | 8/20/2019 |
| Joint Claim Construction Statement | 8/30/2019 |
| Disclosure of Responsive Damages Contentions | 9/19/2019 |
| Complete Claim Construction Discovery | 9/30/2019 |
| SEMICAPS Opening Claim Construction Brief | 10/14/2019 |
| Hamamatsu's Responsive Claim Construction Brief | 10/28/2019 |
| SEMICAPS Reply Claim Construction Brief | 11/4/2019 |
| Tutorial | 1/3/2020 at 11:00 am |
| Claim Construction Hearing | 1/9/2020 at 11:00 am |
| Close of Fact Discovery | The later of June 30, 2020 or 90 days after Claim Construction Order (CCO) |
| Designate Opening Experts and Serve Reports | The later of September 30, 2020 or CCO + 120 days |
| Designate Rebuttal Experts and Serve Reports | Thirty days after service of Opening Expert reports |
| Close of Expert Discovery | Thirty days after service of Rebuttal Expert reports |
| Dispositive (Summary Judgment) Motions | Forty-five days after close of Expert Discovery |
| Hearing on Dispositive Motions | TBD |
| Pretrial Conference | TBD |
| Trial | TBD |

**IT IS SO ORDERED.**

Dated: May 2, 2019



Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

3

# ATTACHMENT B

1

## **ATTACHMENT B**

2

## **Defendants (6.b)**

3
4   Hamamatsu Corporation
    360 Foothill Road
    Bridgewater, New Jersey 08807
5   U.S.A.

6   Hamamatsu Photonics K.K.
    325-6 Sunayama-cho, Naka-ku,
7   Hamamatsu City, Shizuoka Pref., 430-8587
8   Japan

9   Photonics Management Group
    360 Foothill Road
10  Bridgewater, New Jersey 08807
    U.S.A.
11

12  ## **Representatives (6.b)**

13  David Eiseman
    Quinn Emanuel Urquhart & Sullivan, LLP
14  50 California Street, 22nd Floor
    San Francisco, California 94111
15  U.S.A.

16
    Ryan S. Goldstein
17  Quinn Emanuel Urquhart & Sullivan, LLP
    865 S. Figueroa Street, Floor 10
18  Los Angeles, California 90017
    U.S.A.
19

20  Jared W. Newton
    K. Kevin Chu
21  Quinn Emanuel Urquhart & Sullivan, LLP
    1300 I Street, NW, Suite 900
22  Washington, D.C. 20005
    U.S.A.
23

24  Koichiro Minamino
    Minamino Law Office, PLLC
25  1300 I Street, NW
    Washington, D.C. 20005
26  U.S.A.

27

28

# ATTACHMENT  C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMICAPS PTE LTD.,

        Plaintiff,

        v.

HAMAMATSU CORPORATION, et al.,

        Defendants.

Case No. 17-cv-03440-DMR

PROTECTIVE ORDER
   ***AS MODIFIED IN SECTION 6.3***

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 14.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

2

action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

5

a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify

6

the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

7

the parties shall present the dispute for resolution in accordance with the court's Standing Order regarding resolution of discovery disputes (joint letter procedure).

1   intervention, the ~~Designating Party shall file and serve a motion to retain confidentiality under~~

2   ~~Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days~~

3   ~~of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer~~

4   ~~process will not resolve their dispute, whichever is earlier. Each such motion must be~~

5   ~~accompanied by a competent declaration affirming that the movant has complied with the meet~~

6   ~~and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to~~

7   ~~make such a motion including the required declaration within 21 days (or 14 days, if applicable)~~

8   ~~shall automatically waive the confidentiality designation for each challenged designation. In~~

9   ~~addition, the Challenging Party may file a motion challenging a confidentiality designation at any~~

10  ~~time if there is good cause for doing so, including a challenge to the designation of a deposition~~

11  ~~transcript or any portions thereof. Any motion brought pursuant to this provision must be~~

12  ~~accompanied by a competent declaration affirming that the movant has complied with the meet~~

13  ~~and confer requirements imposed by the preceding paragraph.~~

14      The burden of persuasion in any such challenge proceeding shall be on the Designating

15  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

16  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

17  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

18  file a motion to retain confidentiality as described above, all parties shall continue to afford the

19  material in question the level of protection to which it is entitled under the Producing Party's

20  designation until the court rules on the challenge.

21  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

22      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

23  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

24  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

25  the categories of persons and under the conditions described in this Order. When the litigation has

26  been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

27  DISPOSITION).

28      Protected Material must be stored and maintained by a Receiving Party at a location and

8

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    burden of proving that the risk of harm that the disclosure would entail (under the safeguards

2    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

3    **8.     PROSECUTION BAR**

4                 Absent written consent from the Producing Party, any individual who receives

5    access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

6    CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of

7    patents or patent applications relating to the subject matter of this action, including without

8    limitation the patents asserted in this action and any patent or application claiming priority to or

9    otherwise related to the patents asserted in this action, before any foreign or domestic agency,

10   including the United States Patent and Trademark Office ("the Patent Office"). For purposes of

11   this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

12   otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt,

13   "prosecution" as used in this paragraph does not include representing a party challenging a patent

14   before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

15   reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

17   SOURCE CODE" information is first received by the affected individual and shall end two (2)

18   years after final termination of this action.

19   **9.     SOURCE CODE**

20                 (a) To the extent production of source code becomes necessary in this case, a

21   Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE"

22   if it comprises or includes confidential, proprietary or trade secret source code.

23                 (b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

24   CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph

26   8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

27   _____

28   [2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

                                                  12

ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

## 11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

Be Bound" that is attached hereto as Exhibit A.

**13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
         PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review. Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in a stipulated protective order submitted

to the court.

**14.     MISCELLANEOUS**

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

seek its modification by the court in the future.

14.2     <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would

have to object to disclosing or producing any information or item on any ground not addressed in

this Protective Order. Similarly, no Party waives any right to object on any ground to use in

evidence of any of the material covered by this Protective Order.

14.3     <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable

laws and regulations relating to the export of technical data contained in such Protected Material,

including the release of such technical data to foreign persons or nationals in the United States or

elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

**15.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to

1   this Protective Order as set forth in Section 4 (DURATION).

2   **IT IS SO ORDERED.**

3   DATED: _____March 26, 2020_____

4   _____
    The Honorable Donna M. Ryu

5   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued by the United

States District Court for the Northern District of California on _____ [date] in the

case of *Semicaps Pte Ltd. v. Hamamatsu Corporation et al*, Case No. 4:17-cv-03440 (N.D. Cal.).

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint [print or type full name] of _____

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Protective Order.


Date: _____

City and State where sworn and signed:

_____

Printed name: _____
                        [printed name]

Signature: _____
                    [signature]

19

# ATTACHMENT  D

**ATTACHMENT D**

**DEFINITIONS**

These topics are subject to and incorporate the following definitions and instructions as used herein:

1.      "Plaintiff" and "SEMICAPS" mean Plaintiff SEMICAPS Pte Ltd., including, without limitation, its directors, officers, parents, subsidiaries, affiliated corporations, predecessors, successors, assigns, employees, agents, representatives, attorneys, and all other persons or entities representing it or acting on its behalf.

2.      "Defendants" and "Hamamatsu" means Defendants Hamamatsu Corporation, Hamamatsu Photonics K.K., and Photonics Management Corp.

3.      "Dr. Quah," "You," and "Your" mean Dr. Alfred Cheng Teck Quah, one of the named inventors of U.S. Patent No. 7,623,982.

4.      "The '982 patent" or "Patent-in-Suit" means U.S. Patent No. 7,623,982, which issued on November 24, 2009 and is titled "Method of Testing an Electronic Circuit and Apparatus Thereof."

5.      "Related Patents" means any patent or patent application, anywhere in the world and individually and collectively, that claims or is identified as priority, directly or indirectly, to or from any Patent-in-Suit.  "Related Patents" includes, but is not limited to, all continuations, continuations-in-part, provisionals, divisionals, and reissues of any Patent-in-Suit.

6.      "Asserted Claims" means the claims 4-8, 17, and 21-25 of the Patent-in-Suit.

7.      The term "document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence, including electronically stored information, data, code materials stored in any media, and any other information stored magnetically, optically or electronically.  If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

8.      The term "communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

9.      The term "electronically stored information," abbreviated herein as "ESI," is defined to be synonymous in meaning and equal in scope to the usage of the term in Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

10.     The term "natural person" should be understood to encompass, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

11.     The term "legal entity" should be understood to encompass, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

12.     The term "person" includes all natural persons, persons, legal entities, and entities.

13.     The terms "identify," "identifies," and "identification," when used with respect to any natural person, mean that the following information shall be provided: the person's full name; the person's last known business address and telephone number; the person's last known title or occupation; and the person's last known employer.

14.     The terms "identify," "identifies," and "identification," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, mean that the following information shall be provided: the entity's name; the entity's place of incorporation or organization; the entity's principal place of business; and the nature of the entity's business.

15.     The terms "identify," "identifies," and "identification," when used with respect to a document, mean to provide information sufficient to locate that document, including but not limited to the following: the production number range; the date appearing on the document or, if no date appears thereon, the approximate date on which the document was prepared; the identifying code number, file number, title, and/or label of the document; a general description of the document (*e.g.*, letter, memorandum, drawing); the title or heading; the number of pages of which the document consists; the name of each person who signed or authorized the document; the

name of each addressee; the name of each person having possession, custody, or control of the
document; if the document existed at one time but does not presently exist, the reason(s) why it no
longer exists and the identity of the last person having custody of it; and, if the document is in a
foreign language, whether an English translation of the document exists, whether partial or
complete.

16.     The terms "relate to," "related to," and "relating to" are used in their broadest
possible sense to include any connection, relation, or relevance.

17.     The term "describe," when used in relation to an act, event, instance, occasion,
transaction, conversation, or communication, means: (1) to state the date and place thereof; (2) to
identify the individual participants; (3) to summarize separately for each individual what he/she
said or did; and (4) to identify each document used or prepared in connection therewith or making
any reference thereto.

18.     The term "prior art" means all categories of art included within the broadest
meaning of 35 U.S.C. §§ 102 and 103, including but not limited to patents, publications,
disclosures, products, physical devices, systems, prototypes, uses, sales, offers for sale, other acts
or occurrences, and any documents or other items evidencing any of the foregoing.  The term also
includes all art that any person has identified as being relevant to the invalidity or unenforceability
of the Patent-in-Suit or any Asserted Claim.

19.     The words "and" and "or" are to be construed conjunctively or disjunctively as
necessary so as to accord each topic the broadest possible scope.

20.     "Any" should be understood to encompass "all" and/or "each" and vice versa, as
necessary to bring within the scope of each topic all information that might otherwise be construed
to be outside of its scope.

21.     The singular form of any term should be understood to encompass the plural,
except where circumstances clearly make it inappropriate.

22.     The present tense should be understood to encompass the past tense, except where
circumstances clearly make it inappropriate.

## DEPOSITION TOPICS

1. Your contributions to the subject matter of U.S. Patent No. 7,623,982.

2. Your involvement or participation in the prosecution of the patent application that became U.S. Patent No. 7,623,982.

3. Your contributions to the subject matter of the paper, *Enhanced Detection Sensitivity with Pulsed Laser Signal Integration Algorithm* by Quah et al.

4. The facts and circumstances regarding the drafting, publishing, first public presentation, and first public distribution of the paper, *Enhanced Detection Sensitivity with Pulsed Laser Signal Integration Algorithm* by Quah et al.

5. Your contributions to the subject matter of the paper, *DC-Coupled Laser Induced Detection System for Fault Localization in Microelectronic Failure Analysis* by Quah et al.

6. The facts and circumstances regarding the drafting, publishing, first public presentation, and first public distribution of the paper, *DC-Coupled Laser Induced Detection System for Fault Localization in Microelectronic Failure Analysis* by Quah et al.

7. The facts and circumstances regarding Your participation in the 13th International Symposium on the Physical and Failure Analysis of Integrated Circuits, held on July 3-7, 2006 in Singapore.

8. The facts and circumstances regarding the subject matter of and Your submission of Your declaration dated October 24, 2017 in IPR 2017-02110 and IPR 2017-02112.

9. The facts and circumstances regarding the subject matter of and Your submission of Your declaration dated December 19, 2017 in IPR 2017-02110 and IPR 2017-02112.

10. Your communications with SEMICAPS regarding the subject matter of U.S. Patent No. 7,623,982, Hamamatsu, and any litigation (including, without limitation, district court lawsuits and proceedings before the United States Patent and Trademark Office) between SEMICAPS and Hamamatsu.

11. Any agreements (written, oral, or otherwise) between you and SEMICAPS made after or in effect after your employment at SEMICAPS ended.

# ATTACHMENT  E

## ATTACHMENT E

## DEFINITIONS

These requests are subject to and incorporate the following definitions and instructions as used herein:

1. "Plaintiff" and "SEMICAPS" mean Plaintiff SEMICAPS Pte Ltd., including, without limitation, its directors, officers, parents, subsidiaries, affiliated corporations, predecessors, successors, assigns, employees, agents, representatives, attorneys, and all other persons or entities representing it or acting on its behalf.

2. "Defendants" and "Hamamatsu" means Defendants Hamamatsu Corporation, Hamamatsu Photonics K.K., and Photonics Management Corp.

3. "Dr. Quah," "You," and "Your" mean Dr. Alfred Cheng Teck Quah, one of the named inventors of U.S. Patent No. 7,623,982.

4. "The '982 patent" or "Patent-in-Suit" means U.S. Patent No. 7,623,982, which issued on November 24, 2009 and is titled "Method of Testing an Electronic Circuit and Apparatus Thereof."

5. "Related Patents" means any patent or patent application, anywhere in the world and individually and collectively, that claims or is identified as priority, directly or indirectly, to or from any Patent-in-Suit. "Related Patents" includes, but is not limited to, all continuations, continuations-in-part, provisionals, divisionals, and reissues of any Patent-in-Suit.

6. "Asserted Claims" means the claims 4-8, 17, and 21-25 of the Patent-in-Suit.

7. The term "document(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence, including electronically stored information, data, code materials stored in any media, and any other information stored magnetically, optically or electronically. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

8.      The term "communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("e-mail").

9.      The term "electronically stored information," abbreviated herein as "ESI," is defined to be synonymous in meaning and equal in scope to the usage of the term in Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

10.     The term "natural person" should be understood to encompass, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

11.     The term "legal entity" should be understood to encompass, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

12.     The term "person" includes all natural persons, persons, legal entities, and entities.

13.     The terms "identify," "identifies," and "identification," when used with respect to any natural person, mean that the following information shall be provided: the person's full name; the person's last known business address and telephone number; the person's last known title or occupation; and the person's last known employer.

14.     The terms "identify," "identifies," and "identification," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, mean that the following information shall be provided: the entity's name; the entity's place of incorporation or organization; the entity's principal place of business; and the nature of the entity's business.

15.     The terms "identify," "identifies," and "identification," when used with respect to a document, mean to provide information sufficient to locate that document, including but not limited to the following: the production number range; the date appearing on the document or, if no date appears thereon, the approximate date on which the document was prepared; the identifying code number, file number, title, and/or label of the document; a general description of the document (*e.g.*, letter, memorandum, drawing); the title or heading; the number of pages of which the document consists; the name of each person who signed or authorized the document; the

name of each addressee; the name of each person having possession, custody, or control of the document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and, if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

16.     The terms "relate to," "related to," and "relating to" are used in their broadest possible sense to include any connection, relation, or relevance.

17.     The term "describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual what he/she said or did; and (4) to identify each document used or prepared in connection therewith or making any reference thereto.

18.     The term "prior art" means all categories of art included within the broadest meaning of 35 U.S.C. §§ 102 and 103, including but not limited to patents, publications, disclosures, products, physical devices, systems, prototypes, uses, sales, offers for sale, other acts or occurrences, and any documents or other items evidencing any of the foregoing.  The term also includes all art that any person has identified as being relevant to the invalidity or unenforceability of the Patent-in-Suit or any Asserted Claim.

19.     The words "and" and "or" are to be construed conjunctively or disjunctively as necessary so as to accord each request the broadest possible scope.

20.     "Any" should be understood to encompass "all" and/or "each" and vice versa, as necessary to bring within the scope of each request all information that might otherwise be construed to be outside of its scope.

21.     The singular form of any term should be understood to encompass the plural, except where circumstances clearly make it inappropriate.

22.     The present tense should be understood to encompass the past tense, except where circumstances clearly make it inappropriate.

## **INSTRUCTIONS**

1.      The responses to these requests for production shall be in accordance with Rule 34 of the Federal Rules of Civil Procedure.

2.      These requests call for information (including any information contained in or on any document) that is known or available to You, or in Your possession, custody, or control, including all information known or available to Your attorneys, agents, representatives, or any other Person acting or purporting to act on Your behalf or under the direction or control of You or Your attorneys, agents, representatives, or investigators.

3.      Each request is to be answered separately and in full in writing under oath, unless all portions of a request are in good faith objected to, in which event the reasons for Your objection(s) shall be stated in detail. If the objection(s) pertains to only a portion of the request, or to a word, phrase, or clause contained within the request, You shall state Your objection to that portion and otherwise answer the request.

4.      If You withhold any information or decline to fully identify any person, document, or communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, You shall describe the factual and legal basis for Your claim of privilege or immunity in sufficient detail so as to permit the Court to adjudicate the validity of the claim. In addition, for each identification, document, communication, or portion thereof withheld, You shall state the following: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (e.g., "attorney-client privilege," "work product immunity," etc.).

5.      Each request shall be construed independently, and no request shall limit the scope of any other request.

6.      Unless otherwise indicated, no request is date or time limited.

7.      If You find the meaning of any term in any request to be unclear, You should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning.

8.      For each request, You shall identify all persons who provided information or otherwise assisted in preparing your response.

9.      In the event that more than one copy of a document exists, You shall produce the original and each non-identical copy of each document.

10.     If a document has been "redlined," "marked up," includes changes, or is otherwise edited, You shall produce that document in edited form to show any edits or comments, including by producing information reflecting the authors of such edits or comments and when those edits or comments were made.

11.     These requests shall be deemed continuing in nature and create an ongoing obligation in accordance with Fed. R. Civ. P. 26(e). In the event that additional information or material responsive to these requests becomes known to You, You shall serve a supplemental response within a reasonable period of time after the information or material becomes known.

12.     These instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections that may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## DOCUMENTS TO BE PRODUCED

1.      All documents relating to Your contributions to the subject matter of U.S. Patent No. 7,623,982.

2.      All documents and communications related to Your involvement or participation in the prosecution of the patent application that became U.S. Patent No. 7,623,982.

3.      All documents relating to Your contributions to the subject matter of the paper, *Enhanced Detection Sensitivity with Pulsed Laser Signal Integration Algorithm* by Quah et al.

4.      All documents relating to the facts and circumstances of the drafting, publishing, first public presentation, and first public distribution of the paper, *Enhanced Detection Sensitivity with Pulsed Laser Signal Integration Algorithm* by Quah et al.

5.      All documents relating to Your contributions to the subject matter of the paper, *DC-Coupled Laser Induced Detection System for Fault Localization in Microelectronic Failure Analysis* by Quah et al.

6.      All documents relating to the facts and circumstances of the drafting, publishing, first public presentation, and first public distribution of the paper, *DC-Coupled Laser Induced Detection System for Fault Localization in Microelectronic Failure Analysis* by Quah et al.

7.      All documents relating to the facts and circumstances of Your participation in the 13th International Symposium on the Physical and Failure Analysis of Integrated Circuits, held on July 3-7, 2006 in Singapore.

8.      All optical disks (such as CD-ROMs and DVDs) and portable data storage devices (such as USB flash drives) relating to the 13th International Symposium on the Physical and Failure Analysis of Integrated Circuits, held on July 3-7, 2006 in Singapore.

9.      All documents relating to the facts and circumstances regarding the subject matter of and Your submission of Your declaration dated October 24, 2017 in IPR 2017-02110 and IPR 2017-02112.

10.     All documents relating to the facts and circumstances regarding the subject matter of and Your submission of Your declaration dated December 19, 2017 in IPR 2017-02110 and IPR 2017-02112.

11.     All communications with SEMICAPS regarding the subject matter of U.S. Patent No. 7,623,982, Hamamatsu, and any litigation (including, without limitation, district court lawsuits and proceedings before the United States Patent and Trademark Office) between SEMICAPS and Hamamatsu, and all documents relating to such communications.

12.     All documents relating to any agreements (written, oral, or otherwise) between you and SEMICAPS made after or in effect after your employment at SEMICAPS ended.